## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN, INC.                    )
    1600 20th Street, NW            )
    Washington, DC 20009            )
    (202) 588-1000                  )
                                    )
        Plaintiff,         )
                                    )
v.                                      )          C.A. No. _____
                                    )
FOOD AND DRUG ADMINISTRATION            )
    5600 Fishers Lane               )
    Rockville, MD 20854             )
    (301) 827-2410                  )
                                    )
        Defendant.         )
                                    )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     Plaintiff Public Citizen brings this action pursuant to the Food, Drug, and

Cosmetic Act (FDCA), 21 U.S.C. § 301 *et seq.*, and the Administrative Procedure

Act (APA), 5 U.S.C. §§ 702 and 706, to compel the United States Food and Drug

Administration (FDA) to act on Public Citizen's petition seeking a phased

withdrawal of the painkiller propoxyphene (Darvon) and all propoxyphene-

containing products such as Darvocet.  On February 28, 2006, pursuant to 21

C.F.R. § 10.30, Public Citizen petitioned the FDA to begin immediately a phased

withdrawal from the market of propoxyphene and all propoxyphene-containing

products, citing the drug's considerable human toxicity, addiction potential,

susceptibility to abuse, and very limited therapeutic usefulness.  Although more

than two years have passed since Public Citizen filed its petition, the FDA has

1

neither granted nor denied the petition, and has taken no action to remove propoxyphene from the market. Therefore, to protect public safety and prevent needless death and injury, Public Citizen seeks a declaration that the FDA has acted unlawfully by withholding action on Public Citizen's petition and an order requiring the FDA to act thereon.

## PARTIES

2.    Plaintiff Public Citizen is a national non-profit, public interest organization headquartered in Washington, D.C., with approximately 80,000 members. Since its founding in 1971, Public Citizen has worked before Congress, regulatory agencies, and in the courts to advance the interests of its members on a wide range of consumer protection issues. In particular, Public Citizen's Health Research Group (HRG) promotes research-based, system-wide changes in health care policy and provides oversight concerning drugs, medical devices, doctors, hospitals, and occupational health. HRG works to ban or relabel unsafe or ineffective drugs and publishes "Worst Pills, Best Pills News," a consumer guide to avoiding drug-induced death or illness. "Worst Pills, Best Pills News" has about 170,000 subscribers. Public Citizen and its members have been, and continue to be, injured by the FDA's failure to act on Public Citizen's petition and its failure to initiate a phased withdrawal of propoxyphene and propoxyphene-containing products from the market. As long as propoxyphene remains on the market, Public Citizen's members are at risk of suffering adverse effects of this drug, including addiction and death.

3.    The Department of Health and Human Services (HHS) is an agency of the federal

government, and the FDA is an agency within HHS.  The FDA is responsible for

administration of the FDCA.  In particular, the FDA is responsible for

withdrawing approval of unsafe drugs.  *See* 21 U.S.C. § 355(e).  As set forth in

more detail below, the FDA has violated the law by failing to act on Public

Citizen's petition seeking the phased withdrawal of marketing approval of all

propoxyphene-containing products.

### JURISDICTION

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### FACTS

5.    Propoxyphene is a widely prescribed narcotic painkiller sold by several

companies as a generic drug and also sold as Darvon (propoxyphene) and

Darvocet (propoxyphene and acetaminophen) by AAIPharma.

6.    Propoxyphene is a drug within the meaning of the FDCA, 21 U.S.C. § 321(g)(1),

and is a new drug within the meaning of 21 U.S.C. § 321(p).

7.    The FDCA prohibits the introduction into interstate commerce of any new drug

without FDA approval.  21 U.S.C. § 355.

8.    The FDCA requires the FDA to withdraw approval of unsafe drugs.  21 U.S.C.

§ 355(e).

9.    Propoxyphene is a widely prescribed painkiller, with 22 million prescriptions

filled in retail pharmacies in 2007.

10.   The Drug Abuse Warning Network (DAWN), which provides autopsy

information from medical examiners nationwide, reported 5,462 propoxyphene-

related deaths, including 2,110 accidental deaths, between 1981 and 1999. Because DAWN only collects data from selected counties that together contain one-third of the U.S. population, the true number of propoxyphene-related deaths is likely about three times greater.

11.    Propoxyphene has also been used in suicides. According to DAWN data for 1995-1999, one-third of deaths involving propoxyphene were suicides. Banning propoxyphene would likely result in a significant reduction in the total number of drug-related suicides. Experience with the restriction of barbiturates, another drug used in suicides, shows that restricting a drug can decrease the number of total drug suicides. *See* Inst. of Medicine, *Sleeping Pills, Insomnia, and Medical Practice: Report of a Study* 66 (1979). Further, removing propoxyphene from the market will make it less likely that attention-seeking suicide attempts do not unintentionally result in death due to the unusually high toxicity of propoxyphene.

12.    Medical experts have deemed propoxyphene inappropriate for prescription to the elderly. Nevertheless, doctors have prescribed this drug to the elderly at alarming rates, with propoxyphene having been prescribed 3.3 million times to elderly patients during emergency room visits from 1992 to 2000 and with 15.5 percent of institutionalized elderly Medicare beneficiaries using the drug.

13.    Propoxyphene can produce physical addiction manifested by withdrawal symptoms, strong psychological dependence, and diminution in response to the drug after prolonged use. Research suggests that addiction can occur at less than the recommended daily dose and unequivocally confirms that addiction occurs at just twice the recommended daily dose.

4

14.     Propoxyphene is a relatively ineffective painkiller.  A recent comprehensive
        review of randomized clinical trials found that, for most kinds of pain, ibuprofen
        is more effective than propoxyphene-acetaminophen.  Another study showed that
        propoxyphene-acetaminophen is no more effective for post-operative pain than
        acetaminophen (the ingredient in Tylenol) alone.  Propoxyphene alone has been
        shown to be no more effective than two aspirin for relief of most kinds of pain.

15.     In 1978, HRG proposed banning propoxyphene or tightening restrictions on use
        of the drug by placing it in Schedule II of the Controlled Substances Act, the
        category for drugs with high potential for abuse.  The Department of Health,
        Education, and Welfare rejected these proposals, in large part because of the
        manufacturer's commitment to a program designed to educate prescribers and
        patients about the hazards of propoxyphene.  This educational program, however,
        did not have "an important impact into physician decision-making," according to
        an FDA memorandum.  Memorandum from Dr. Louis Morris to the Director of
        the Division of Drug Experience, Memorandum on the Lilly Quarterly Report on
        Darvon (Feb. 5, 1980).

16.     Even though propoxyphene was eventually placed in Schedule IV of the
        Controlled Substances Act, a category including drugs with a limited potential for
        dependence, the drug remains among the top-selling drugs on the market.

17.     In 2005, the British government, on the advice of the United Kingdom Committee
        on Safety of Medicines (CSM), ordered a phased withdrawal of Darvocet
        (propoxyphene and acetaminophen) from the market.  CSM could not "identify
        any patient group in whom the risk-benefit [ratio] may be positive" and noted that

the effectiveness of the drug was poorly established, while the "risk of toxicity in overdose, both accidental and deliberate, is unacceptable." Letter from Professor Gordon Duff, Chairman, Committee on Safety of Medicines, to health care professionals, Withdrawal of Co-Proxamol Products and Interim Updated Prescribing Information 1 (Jan. 31, 2005), *available at* www.info.doh.gov.uk/doh/embroadcast.nsf/.

18.     On February 28, 2006, pursuant to 21 C.F.R. § 10.30, Public Citizen filed a petition with the FDA, docket no. 2006P-0090, urging the FDA immediately to begin the phased removal from the market of propoxyphene and all propoxyphene-containing products.

19.     In support of its petition, Public Citizen cited numerous medical studies evidencing the dangers and limited efficacy of propoxyphene and the actions of the British government to withdraw approval of the drug.

20.     On August 22, 2006, the FDA responded to Public Citizen's petition, indicating that the FDA had not yet reached a decision because the petition "raises complex issues requiring extensive review and analysis by Agency officials."

21.     Public Citizen's petition provides sufficient grounds for the FDA to begin a phased withdrawal from the market of propoxyphene and propoxyphene-containing products pursuant to 21 U.S.C. § 355(e).

22.     To date, the FDA has not issued a decision on Public Citizen's petition, nor has it taken action to begin withdrawing propoxyphene and propoxyphene-containing products from the market. The FDA has failed to act despite the significant rates

of accidental and suicidal deaths and addiction and the availability of equally effective, safer alternatives.

23.   The considerable danger to public health caused by the FDA's failure to begin withdrawing propoxyphene and propoxyphene-containing products from the market counsels in favor of expeditious action on Public Citizen's petition. The pace of the FDA's decisional process is lagging unreasonably in light of the nature and extent of the public health interests harmed by the FDA's delay. Without FDA action on Public Citizen's petition to begin a phased withdrawal of propoxyphene and propoxyphene-containing products from the market, Public Citizen's members will continue to suffer injury or the threat of injury because they are at risk of being prescribed propoxyphene and suffering injury as a result.

## CLAIMS FOR RELIEF

24.   The FDA's failure to act on Public Citizen's petition constitutes agency action unlawfully withheld or unreasonably delayed and violates the Administrative Procedure Act, 5 U.S.C. § 706(1).

25.   The FDA's failure to act on Public Citizen's petition is not in accordance with law and violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

WHEREFORE, Plaintiff requests that this Court

   A.   Declare unlawful the FDA's failure to act on Public Citizen's petition;

   B.   Order the FDA to issue a decision on Public Citizen's petition within 30 days of declaring the FDA's failure to act unlawful;

   C.   Award Public Citizen its reasonable costs and attorney's fees under 28 U.S.C. § 2412; and

D.    Grant all other appropriate relief.


Respectfully submitted,


Michael T. Kirkpatrick (D.C. Bar No. 486293)
Brian Wolfman (D.C. Bar No. 427491)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-1000
202-588-7795 (fax)

Attorney for Plaintiff Public Citizen

Dated:  June 19, 2008

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PUBLIC CITIZEN, INC. | FOOD AND DRUG ADMINISTRATION |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Michael T. Kirkpatrick Public Citizen Litigation Group 1600 20th Street, NW Washington, DC 20009 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    **OR**    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Administrative Procedure Act, 5 U.S.C. 706, to compel agency action unlawfully withheld or unreasonably delayed

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ ⌐ ‐ ‐ ‐ ‐ ⌐   Check YES only if demanded in complaint   JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   June 19, 2008   SIGNATURE OF ATTORNEY OF RECORD   _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.