## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

PUBLIC CITIZEN, INC.,         )
                     )
          Plaintiff,      )
                     )
      v.              )      Civil Action No. 08-1051 (RMC)
                     )
FOOD AND DRUG ADMINISTRATION,  )
                     )
         Defendant.      )
_____)

## ANSWER

Defendant, the United States Food and Drug Administration ("FDA"), as its answer to Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering specifically the numbered paragraphs of the Complaint, Defendant states as follows:

1.     Admit that Plaintiff filed a Complaint purporting to bring claims under the Federal Food, Drug, and Cosmetic Act ("FD&C Act"), 21 U.S.C. §§ 301-97, and the Administrative Procedure Act, 5 U.S.C. § 702 and 706; that Plaintiff submitted a Citizen Petition to FDA dated February 28, 2006; that, as of the date of this Answer, Defendant has neither granted nor denied the Citizen Petition; and that the Complaint seeks an order compelling Defendant to act on Plaintiff's Citizen Petition. Aver that, to the extent paragraph 1 purports to describe the contents of the Citizen Petition, the document speaks for itself and no response is required. Defendant otherwise denies the allegations of paragraph 1.

2.     Aver that Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 regarding Plaintiff's organizational structure, membership, and operations, and therefore denies them.  Defendant otherwise denies the allegations in paragraph 2.

3.     Admit that the Department of Health and Human Services ("HHS") is an agency of the federal government and that FDA is an agency within HHS.  Admit further that the Secretary of Health and Human Services has redelegated to the Commissioner of Food and Drugs the functions vested in the Secretary under the FD&C Act and that FDA regulates, *inter alia*, the content and format of prescription drug labeling.  Defendant otherwise denies the allegations in paragraph 3.

4.     Aver that paragraph 4 sets forth a legal conclusion to which no response is required.

5.     Admit that propoxyphene hydrochloride; propoxyphene hydrochloride and acetaminophen; and propoxyphene napsylate and acetaminophen are mild narcotic analgesics that are indicated for relief of mild to moderate pain and are sold by several companies.  Aver that "widely prescribed" is a vague and undefined term and therefore Defendant is without information or knowledge sufficient to form a belief as to the truth of that allegation.

6.     Admit.

7.     Aver that paragraph 7 contains Plaintiff's characterization of 21 U.S.C. § 355(a), and Defendant refers the Court to the statute for a full and complete statement of its contents.

8.     Aver that paragraph 8 contains Plaintiff's characterization of 21 U.S.C. § 355(e), and Defendant refers the Court to the statute for a full and complete statement of its contents.

9.    Admit that drug products containing propoxyphene hydrochloride, propoxyphene hydrochloride and acetaminophen, and propoxyphene napsylate and acetaminophen are indicated for relief of mild to moderate pain.  Aver that the term "widely prescribed" is a vague and undefined term and that Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10.    Admit that the Drug Abuse Warning Network ("DAWN") is a public health surveillance system that monitors, among other things, drug-related deaths investigated by medical examiners and coroners; that DAWN collects data from participating medical examiners and coroners; and that the jurisdictions that participate can vary from year to year.  Aver that the remaining allegations in paragraph 10 represent Plaintiff's characterization of the contents of DAWN publications, and Defendant refers the Court to those documents for a full and complete statement of their contents.

11.    Admit that propoxyphene has been used in some suicides.  Aver that sentences 2 and 4 of paragraph 11 represent Plaintiff's characterization of the contents of DAWN publications and the Institute of Medicine's report "Sleeping Pills, Insomnia, and Medical Practice: Report of a Study" (1979), and Defendant refers the Court to those documents for a full and complete statement of their contents.  Aver further that sentences 3 and 5 are issues that Plaintiff presented in its Citizen Petition, which is pending before FDA.  Aver that FDA has not made a final determination on whether to approve or deny that Petition and, for that reason, Defendant is without sufficient information to form a belief as to the truth of the allegations in sentences 3 and 5.

12.    Aver that sentence 1 of paragraph 12 appears to be Plaintiff's characterization of

3

the contents of Beers, "Explicit Criteria for Determining Potentially Inappropriate Medication Use by the Elderly: An Update," Arch. Intern. Med., 157(14); 1997:1531-36; Perri, *et al*., "Adverse Outcomes Associated with Inappropriate Drug Use in Nursing Homes," Annals of Pharmacotherapy, 2005;39:405-11; and/or Sachin et al., "Propoxyphene Use by Community-Dwelling and Institutionalized Elderly Medicare Beneficiaries," J. Am. Geriatrics Society, 2003;51:1099-1104, and Defendant refers the Court to those documents for a full and complete statement of their contents. Aver further that sentence 2 of paragraph 12 appears to be Plaintiff's characterization of the contents of Caterino, *et al*., "Inappropriate Medication Administration to the Acutely Ill Elderly: A Nationwide Emergency Department Study, 1992-2002," 2004;52:1847-55, and Defendant refers the Court to that document for a full and complete statement of its contents. Aver further that Plaintiff has argued that propoxyphene is inappropriate for use in the elderly as one of the bases for the relief sought in its Citizen Petition, which is pending before FDA. Aver that FDA has not made a final determination on whether to approve or deny that Petition and, for that reason, Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 12.

13.    Admit that the product label states that "propoxyphene, when taken in higher-than-recommended doses over long periods of time, can produce drug dependence, characterized by psychic dependence and, less frequently, physical dependence and tolerance." Aver that sentence 2 of paragraph 13 represents Plaintiff's characterization of the contents of unidentified studies, and Defendant refers the Court to those studies for a full and complete statement of their contents. Aver further that Plaintiff has argued that propoxyphene can cause addiction at less than its maximum recommended daily dose as one of the bases for the relief sought in its Citizen

4

Petition, which is pending before FDA.  Aver that FDA has not made a final determination on

whether to approve or deny that Petition and, for that reason, Defendant is without sufficient

information to form a belief as to the truth of the allegations in paragraph 13.

14.    Aver that paragraph 14 contains Plaintiff's characterization of unidentified studies

of propoxyphene and propoxyphene-acetaminophen, and Defendant refers the Court to those

studies for a full and complete statement of their contents.  Aver further that Plaintiff has argued

that propoxyphene is relatively ineffective as a painkiller as one of the bases for the relief sought

in its Citizen Petition, which is pending before FDA.  Aver that FDA has not made a final

determination on whether to approve or deny that Petition and, for that reason, Defendant is

without sufficient information to form a belief as to the truth of the allegations in paragraph 14.

15.    Admit that on November 21, 1978, Health Research Group ("HRG") submitted a

petition to the Department of Health, Education, and Welfare ("HEW"), and that on February 15,

1979, the Secretary of HEW issued a decision denying HRG's petition.  Admit further that Louis

A. Morris, Ph.D., Prescription Drug Labeling Staff, in FDA's Bureau of Drugs, wrote a

memorandum to the Director, Division of Drug Experience, Bureau of Drugs, dated February 5,

1980.  Aver that paragraph 15 represents Plaintiff's characterization of the contents of HRG's

petition, the Secretary's decision, and Dr. Morris' memorandum, and Defendant refers the Court

to those documents for a full and complete statement of their contents.

16.    Admit that propoxyphene has been placed in Schedule IV of the Controlled

Substances Act.  Aver that, to the extent that paragraph 16 purports to describe the criteria for

placing a drug in Schedule IV, the statute, 21 U.S.C. § 812(b)(4), speaks for itself and no

response is required.  Aver that "top-selling" is a vague and undefined term and that Defendant is

without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17.    Admit that on January 31, 2005, Professor Gordon Duff, Chairman, Committee on Safety of Medicines in the United Kingdom, issued a "Dear Colleague" letter titled, "Withdrawal of Co-Proxamol Products and Interim Updated Prescribing Information."  Aver that paragraph 17 represents Plaintiff's characterization of the contents of Professor Duff's letter, and Defendant refers the Court to that letter for a full and complete statement of its contents.

18.    Admit that Public Citizen submitted a Citizen Petition to FDA on February 28, 2006.  Aver that paragraph 18 represents Plaintiff's characterization of the contents of that Petition, and Defendant refers the Court to the Petition for a full and complete statement of its contents.

19.    Admit that Public Citizen's Petition included citations to publications in medical journals and to the website of the Medicines and Healthcare products Regulatory Agency (www.http://www.mhra.gov.uk).   Aver that paragraph 19 represents Plaintiff's characterization of the contents of the citations in and exhibits to the Citizen Petition, and Defendant refers the Court to those documents for a full and complete statement of their contents.

20.    Admit that FDA sent a tentative response to the Citizen Petition on August 22, 2006.  Aver that paragraph 20 represents Plaintiff's characterization of the content of the August 22, 2006 letter, and Defendant refers the Court to that document for a full and complete statement of its contents.

21.    Aver that the allegation in paragraph 21 is an issue raised in the Citizen Petition, which is pending before FDA.  Aver that FDA has not made a final determination on whether to

approve or deny that Petition and, for that reason, Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 21.

22.     Admit that, as of the date of this Answer, FDA has not granted or denied the Citizen Petition and has not taken action to withdraw propoxyphene-containing drug products. Aver that sentence 2 of paragraph 22 contains arguments that Plaintiff has offered as the bases for the relief sought in its Citizen Petition, which is pending before FDA.  Aver that FDA has not made a final determination on whether to approve or deny that Petition and, for that reason, Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23.

24.     Deny the allegations in paragraph 24.

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in Plaintiff's Claims for Relief.

Defendant hereby specifically denies all of the allegations of the Complaint not expressly admitted.  Defendant, having fully answered Plaintiff's Complaint, prays that this action be dismissed with prejudice, and that it be granted its costs and other relief as may be appropriate.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

OF COUNSEL:

THOMAS R. BARKER
Acting General Counsel

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

EUGENE M. THIROLF, Director
Office of Consumer Litigation

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

_____/s/_____
ANDREW E. CLARK
Senior Trial Counsel
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
 (202) 307-0067
andrew.clark@usdoj.gov

PAIGE H. TAYLOR
Associate Chief Counsel, Litigation
U.S. Depart. of Health and Human Services
Office of General Counsel
5600 Fishers Lane
Rockville, MD 20857
(301) 827-1161

Dated:   August 14, 2008

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing Answer to be served via the District Court's electronic filing (ECF) system upon:

Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC  20009
*Counsel for Plaintiff Public Citizen*

this 14th day of August, 2008.

_____/s/_____
Andrew E. Clark